

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARLA GUTIERREZ,

Plaintiff,

vs.

UNITED STATES OF AMERICA and SOUTH BAY SAND BLASTING AND TANK CLEANING, INC.,

Defendants.

AND RELATED CROSS-COMPLAINT

Case No.: 15cv01618-JLS-KSC

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER PURSUANT TO RULE 16(b)(4) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**Doc. No. 60**

Before the Court is plaintiff's *ex-parte* Motion to Amend Scheduling Order ("Motion"). [Doc. No. 60.] Therein, plaintiff seeks to amend the remaining pre-trial deadlines in this case because she needs "more time to fairly prosecute her claim."[1] [Doc. No. 60-2, at pp. 2-3.] Defendants oppose the Motion because, "[p]laintiff has failed to conduct *any* discovery, and thus has not only failed to exercise reasonable diligence, but has not even attempted to comply with the Scheduling Order's requirement to complete fact discovery by July 21, 2017." [Doc. No. 63, at p. 6.]

[1] Notably, plaintiff's Motion fails to propose an amended schedule or specify how many days plaintiff seeks to continue the current schedule. [Doc. No. 60.] However, on July 31, 2017, plaintiff filed a Reply to defendants' Opposition, in which she requests "no less than a ninety (90) day extension." [Doc. No. 65, at p. 9.]

**A. *Background and Procedural History***

Plaintiff filed her original Complaint on July 21, 2015, and this case has been pending for over two years. [Doc. No. 1.] On September 30, 2016, the Court granted the Motion to Withdraw filed by plaintiff's prior attorney, Preston Easley. [Doc. No. 49.] On November 2, 2016, the Court held a Status Conference and plaintiff advised the Court that she had not been successful in finding a new lawyer to represent her, and had decided to proceed *pro se*. [Doc. No. 52.] During the Status Conference, the Court set initial discovery dates, including a deadline for the Rule 26(f) conference and initial disclosures. [Doc. No. 52.] On January 20, 2017, the Court held a Case Management Conference, and plaintiff appeared *pro se*. [Doc. No. 53.] The Court subsequently issued a Scheduling Order Regulating Discovery and other Pre-Trial Proceedings ("Scheduling Order"). [Doc. No. 54.] Therein, the Court ordered "[a]ll fact discovery shall be completed by all parties on or before July 21, 2017." [Doc. No. 54, at p. 2.] The Scheduling Order also set dates up to and including the pre-trial conference on May 3, 2018. [Doc. No. 54, at p. 5.] The Scheduling Order provides that "[t]he dates and times set forth herein will not be modified except for good cause shown." [Doc. No. 54, at p. 5.] On April 19, 2017, Maxwell Agha filed a Notice of Substitution of Attorney as plaintiff's new counsel. [Doc. No. 57, at 1.]

Plaintiff filed the instant Motion on July 20, 2017. [Doc. No. 60.] Defendants filed a Response in Opposition to plaintiff's Motion on July 25, 2017. [Doc. No. 63.] Plaintiff filed a Reply to Defendants' Opposition on July 31, 2017. [Doc. No. 65.]

***B. Discussion***

Plaintiffs contends that good cause to modify the schedule exists because "[p]laintiff has diligently pursued discovery." [Doc. No. 60-2, at p. 3.] Plaintiff claims to have "exercised diligence in prosecuting this case by responding to request[s] for admission, request[s] for production of documents, interrogatories, and by propounding interrogatories, requests for production, and requests for admission upon Defendants." [Doc. No. 60-2, at p. 3.] Plaintiff further argues that the Court should grant plaintiff's

Motion because "the request is sought in good faith, is not futile, not prejudicial to defendants, is timely, and the plaintiff's diligence and prosecution of the case now necessitates the amendment of the Scheduling Order." *Id.* at p. 6. Plaintiff argues in her Reply that a continuance is warranted because her newly retained counsel, Mr. Agha, "was *not* up-to-speed or even in any way a part of the matter until three months ago." [Doc. No. 65, at p. 6 (emphasis in the original).] Plaintiff also asserts in her Reply that the parties "had agreed to stipulate to a joint motion to amend the Scheduling Order and then [defendants] withdrew their agreement prior to Plaintiff's Motion to Amend." [Doc. No. 65, at p. 2.]

Defendants oppose plaintiff's request and argue:

> *Plaintiff has conducted no discovery*, which is not only an undeniable failure to exercise reasonable diligence to prosecute her own case, but is proof that plaintiff did not even attempt to comply with the Scheduling Order's requirement to complete fact discovery by July 21, 2017. The United States conducted discovery, is ready to proceed pursuant to the Scheduling Order, and respectfully requests this Court deny plaintiff's request to amend the Scheduling Order. . . . Nothing has prevented plaintiff from propounding discovery and/or noticing depositions over the past five months since the Court issued its Scheduling Order.

[Doc. No. 63-2, at pp. 2-3 (emphasis in original).] Defendants further argue that "plaintiff was expected to complete fact discovery in this case by July 21st, regardless of whether she subsequently retained an attorney." *Id.* at p. 3. Defendants contend that plaintiff's claim that she "requires time to allow defendants to respond to propounded fact discovery" is false noting that she has never propounded written discovery nor noticed any depositions. *Id.* Defendants further oppose plaintiff's argument regarding her newly retained counsel noting that "[i]n the three months since Mr. Agha filed his Substitution of Attorney, plaintiff has propounded no discovery."[2] [Doc. No. 63, at p. 4.]

---

[2] Plaintiff makes bald assertions without any factual support in her Reply in response to defendants' argument that plaintiff has failed to serve any discovery in this case. For example, plaintiff argues: "Defendants['] proffer that Plaintiff engaged in no discovery of any sort, is clearly a misguided spin on the notion of the discovery process." [Doc. No. 65, at p. 4.] She also argues:"[d]evoid of fact is

The Court finds that plaintiff has failed to demonstrate she acted with diligence as required by *Johnson v. Mammoth Rec., Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("If the party was not diligent, the [good cause] inquiry should end.").] First, the instant Motion was filed merely one day before the deadline for the completion of fact discovery. The Scheduling Order clearly provides that "[a]ll fact discovery shall be completed by all parties on or before July 21, 2017." [Doc. No. 54.] Plaintiff's Motion was filed on July 20, 2017, one day before this deadline. This does not demonstrate diligence by plaintiff or her counsel.

Second, plaintiff's argument that the parties had "agreed to stipulate to a joint motion to amend the Scheduling Order and then [defendants] withdrew their agreement just prior to Plaintiff's Motion to Amend" is without merit. [Doc. No. 65, at p. 2.] Parties cannot stipulate to amend a Scheduling Order without a Court Order. As set forth in the Scheduling Order, "[t]he dates and times herein will not be modified except for good cause shown." [Doc. No. 54, at p. 5.] Notwithstanding plaintiff's alleged agreement between the parties, she failed to appropriately request leave from the Court for any modification to the discovery schedule.

Third, plaintiff's argument that Mr. Agha needs more time to get "up-to-speed" also fails. Mr. Agha entered his Notice of Substitution as plaintiff's counsel more than three months ago, which is more than enough time for him to have gotten "up-to-speed" and conducted any necessary discovery. To the extent Mr. Agha believed that he needed more time for discovery and/or to comply with the other pre-trial deadlines, he should have requested it more than one day before the expiration of fact discovery. Additionally, plaintiff notified the Court on November 2, 2016 that she had decided to proceed *pro se*. [Doc. No. 51.] When the Court entered its Scheduling Order on February 3, 2017, plaintiff was expected to comply with the schedule in her *pro se* capacity regardless of whether she

---

Defendants' false assertion that Plaintiff did not conduct any discovery." *Id.* at p. 7. Notably, there is no factual basis in plaintiff's arguments.

ultimately retained counsel to represent her.

In sum, plaintiff fails to explain why she waited until July 20, 2017 to seek the broad relief she now requests. The Court finds that plaintiff has failed to demonstrate diligence and good cause does not exist for her request. Accordingly, plaintiff's Motion to Amend Scheduling Order Pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure is hereby **DENIED**. [Doc. No. 60.]

Dated: August 3, 2017

Hon. Karen S. Crawford
United States Magistrate Judge